UNITED STATES DISTRICT COURT

Eastern District of Virginia

Alexandria Division

| | |
|---|---|
| **BRIAN C. DAVISON**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**JAMES PLOWMAN,**<br><br>                    **Defendant.** | Case No.: 1:16-CV-180<br>   (JCC/IDD) |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED PURSUANT TO FED R. CIV. P. 56

COMES NOW the Plaintiff, Brian C. Davison ("Davison"), and respectfully submits this Memorandum in Support of Plaintiff's Motion for Summary Judgment.

### I.     PROCEEDINGS

Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendant James Plowman in his official and personal capacity alleging violation of his First Amendment free speech rights on the Loudoun County Commonwealth Attorney Office's Facebook page.  The Defendants filed a motion to dismiss under Fed. Rules of Civ. Proc. 12(b)(1) arguing the plaintiff's claim was moot.  This Honorable Court denied the Defendant's motion to dismiss stating that Plowman's promise he will not ban Plaintiff from posting in the future falls into the category of "unsubstantiated assurances" and "bald assertions". *Davison v Plowman*, 2016 U.S. Dist. LEXIS 74409 at 11.  This Court also granted Plaintiff leave to amend his complaint to add claims for damages.

Plaintiff filed an amended complaint including damage claims in addition to First Amendment free speech violations.  The Defendant filed an Answer and discovery by both sides was conducted.  Plaintiff now brings this motion for summary judgment against Defendant Plowman **in his personal capacity only**.   There is no dispute as to material facts to establish that the Facebook page is a limited public forum, that Plowman deleted or hid a post made on the Facebook page commenting on an article describing the circumstances wherein a prosecutor should request the appointment of special prosecutor because of conflict of interest and blocked Davison from making comments or posts for a substantial period of time, and that the actions violated Davison's free speech rights protected by the First Amendment.

## II.     FACTS

The operable facts for consideration in this motion for summary judgment against Defendant Plowman in his personal capacity only are provided in the Plaintiff's amended complaint, the Defendant's Answer to the Amended Complaint and in the Defendant's answers to interrogatories (Exhibit 1).

1. Defendant Plowman serves as the Loudoun County Commonwealth's Attorney. (Def. Answer to Amend. Compl. ¶3(a))

2. The Loudoun County Commonwealth's Attorney Office (LCAO) maintains a Facebook page and Defendant Plowman has the authority to supervise it. (Def. Answer to Amend. Compl. ¶3(4))  The Administrator of the site is Heather Williamson, an employee of the Commonwealth attorney Office.  (Ex. 1, Answer 2).

3. Defendant Plowman posted articles discussing legal issues on the LCAO Facebook

    page and the public was allowed to post comments on the articles (Def. Answer to Amend. Compl. ¶5(a))

4. Defendant Plowman understands comments on the LCAO Facebook page are subject to the Loudoun County Social Media policy. (Def. Answer to Amend. Compl. ¶7(a))

5. Defendant Plowman acknowledges Plaintiff posted a comment on the LCAO Facebook page on December 18, 2015 (Def. Answer to Amend. Compl. ¶9(a))

6. Defendant Plowman admits that Plaintiff's December 18, 2015 comment was deleted from the LCAO Facebook page on or before December 28, 2015. (Def. Answer to Amend. Compl. ¶10(a))  Plowman made the decision to delete the comment and block Davison from further postings.  (Ex. 1, Answer 4).

7. Defendant Plowman admits that Exhibit 2 to the Amended Complaint is a true copy of the comment Plaintiff posted on the LCAO Facebook page on December 18, 2015. (Def. Answer to Amend. Compl. ¶9(b))

8. Defendant Plowman admits that Plaintiff was banned or blocked from posting on the LCAO Facebook page. (Def. Answer to Amend. Compl. ¶11(a) and Def. Interrogatory Answer #3)

9. Defendant Plowman admits that he directed Plaintiff's comments be deleted from the LCAO Facebook page and be blocked from further posting on the LCAO Facebook page. (Def. Interrogatory Answer #4)

10. Defendant Plowman admits that Plaintiff contacted Defendant and the LCAO multiple times about having the ban lifted.  (Def. Answer to Amend. Compl. ¶12(a) and 13(a))

## III.     LAW AND ARGUMENT

### A. Standard of Review

A motion for summary judgment is appropriate if there is no question as to any material fact and the moving party is entitled to a judgment as a matter of law.  *Ritchie v Coldwater Cmty. Sch.*, 947 F. Supp. 2d 791, 806 (2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  On a summary judgment, the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. *United States v Diebold, Inc.*, 369 U.S. 654, 655 (1962)  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial". *Ritchie v Coldwater Cmty. Sch.*, 947 F. Supp. 2d 791, 806 (2013) (citing *Matsushita Elec. Indus. Co. v Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))

### B. Defendant Plowman Violated Plaintiff's Constitutional Protections

#### 1. Free Speech in a Limited Public Forum

It is settled law that speech on Facebook is protected by the First Amendment to the United States Constitution. *Bland v Roberts*, 730 F. 3d 368, 386 (4th Cir. 2013)  This Court has previously ruled that citizens have First Amendment protections when posting comments on a government official's Facebook page.  *Davison v Plowman*, 2016 U.S. Dist. LEXIS 77409  Facebook pages established by government officials, including Defendant Plowman's LCAO Facebook page, for the purpose of communicating with the public and soliciting comments from citizens qualify as limited public forums as a matter of law.  Such pages are no different than the metaphysical forum set up by the University of Virginia in *Rosenberger v Rector & Visitors of the Univ. of Virginia*, 515 U.S. 819, 825 (1995)

Once a government official or body has opened a limited public forum, any restrictions must be content neutral and narrowly tailored. *Perry Educ. Ass'n v Perry Local Educators' Ass'n*, 460 U.S. 37, 45-46 (1983) Content-based restrictions are subject to strict scrutiny while viewpoint-based restrictions invariably violate the First Amendment. *Monteiro v City of Elizabeth*, 436 F. 3d 397, 404 (3rd Cir. 2006). The government cannot mask viewpoint-based discrimination under the guise of time, place or manner regulation. *City of Madison Joint Sch. Dist. No. 8 v Wis. Emp't Relations Comm'n*, 429 U.S. 167, 175-76 (1976) Furthermore, citizens have a right to participate in public forums. *Berlickji v Town of Castleton*, 248 F. Supp. 2d 335, 344 (2003) ("Berlickji has a First Amendment right not to be excluded from a forum that is generally held open to the public") It is Defendant Plowman, and not the plaintiff, that bears the burden of showing any restrictions on speech are constitutional in such a forum. *United States v Playboy Entm't Group, Inc.*, 529 U.S. 803, 816 (2000)

Here, it is clear and indisoutable that the local government and/or their officials intended to open a limited public forum on the Facebook Page. Public comments and discussion were invited and technological "microphones" were made available to join in and commence the public discussions. Accordingly, strict scrutiny speech protections are implicated. It is the actual practice of the government that determines its nature. *Grace Bible Fellowship, Inc. v Maine Sch. Admin. Dist. No. 5*, 941 F.2d 45, 47 (1st Cir 1991) ("actual practice speaks louder than words") Courts should examine the "the policy and practice of the government to ascertain whether it intended to designated a place .... as a public forum". *Cornelius v NAACP Legal Def & Educ Fund*, 473 U.S. 788, 802 (1985); *Air Line Pilots Ass'n Intl v Dept of Aviation*, 45 F.3d 1144 (7th Cir. 1995) ("The government's stated policy, without more, is not dispositive with respect to the government's intent in a given forum.") Indeed, the courts should be wary of public bodies that seek to discriminate against critics by misrepresenting the true of a forum. *UFCWU v SW Ohio Reg'l Transit Auth*, 163

F.3d 341, 352-3 (1998) ("were we to hold otherwise, the government could circumvent what in practice amounts to open access simply by declaring its 'intent' to designate its property a nonpublic forum in order to enable itself to suppress disfavored speech")

Here, Defendant Plowman admitted that the LCAO Facebook page qualifies as a limited public forum subject to the speech protections of the First Amendment during oral arguments for Defendant's motion to dismiss.  Defendant solicits and responds to comments from members of the public on the LCAO Facebook page including with regards to official policy.  After reviewing Plaintiff's comment(s) on the LCAO Facebook page, Defendant directed Plaintiff's comments to be deleted and for Plaintiff to be blocked from any further posts on the LCAO Facebook page.  On or about May 3, 2016, Defendant directed Plaintiff's ban against posting on the LCAO Facebook page to be lifted.

The United States Supreme Court has found that infringement on speech rights for any length of time is an "irreparable injury". *Elrod v Burns*, 427 U.S. 347, 373 (1976)  This Court has found that the constitutional violations by Defendant Plowman are not moot since Plowman's promise that he will not block the Plaintiff in the future amounts to "unsubstantiated assuarances" and "bald assertions".  Defendant Plowman knowingly infringed upon the Plaintiff's First Amendment free speech rights in the past and Plaintiff has no guarantee that Defendant will not repeat such unconstitutional behavior in the future.

Defendant Plowman has violated plaintiff's First Amendment right of free speech in a limited public forum by deleting constitutionally protected speech and by blocking the plaintiff from posting on LCAO Facebook page.

                        a. **Due Process for Free Speech Restrictions**

Due process requires notice and an opportunity to be heard in a *meaningful* manner. *Mathews v Eldridge*, 424 U.S. 319, 333 (1976)  At the very least, prior notice is required to curtail speech.  *Johnson v Perry*, 2015 U.S. Dist. LEXIS 142885 at 11-12.  The United States Supreme Court has found that the root requirement for due process in a liberty interest is an opportunity to be heard before the deprivation.  *Cleveland Bd. Of Educ. v Loudermill*, 470 U.S. 532, 542 (1985)  In *Barna v Board of Sch. Dirs*, after summarizing a series of free speech cases, the court found that even limited restraints on speech are unconstitutional. 2015 U.S. Dist. LEXIS 151129 (citing *Brown v City of Jacksonville*, 2006 U.S. Dist. LEXIS 8162; *Cyr v Addison Rutland Supervisory Union*, 60 F. Supp. 3d 536, 548-49 (2014); and *Huminski v Corsones*, 396 F. 3d 53, 92-03 (2nd Cir 2005))

Here, Defendant Plowman admitted to deleting Plaintiff's comments on and blocking plaintiff from posting on the LCAO Facebook page.  That is indisputably a prior restraint of speech.  The parties do not dispute that no notice was provided to the plaintiff nor was any chance to appeal Plowman's block provided.  Plowman's block against the plaintiff clearly violates procedural Due Process rights guaranteed under the Fourteenth Amendment.

## IV.   CONCLUSION

For all the foregoing reasons, and for any additional reasons to be argued at hearing of this matter, Plaintiff requests this Court grant summary judgment against Defendant Plowman in his personal capacity and find that the LCAO Facebook page is a limited public forum; that the Plaintiff's right to participate in the forums' public comments is protected by the First Amendment; that Defendant Plowman's ban on the Plaintiff's comments was an infringement of speech protected by the First Amendment; that Defendant Plowman violated the procedural due process rights of the Plaintiff by not providing prior notice or a chance to be heard in a meaningful manner

with respect to Plaintiff's being banned from commenting on the LCAO Facebook page; and that Defendant Plowman violated Plaintiff's First Amendment rights while acting under the color of state law. The Plaintiff further requests that the Court enter an Order enjoining Defendant Plowman from any prior restraint of speech on social media forums established by him to conduct two-way communication with the public on official business and to provide appropriate procedural due process in all further censorship of Plaintiff's comments on such social media forums.

        Respectfully Submitted,

        BRIAN C. DAVISON

By Counsel    <u>Michael A. Bragg /s/</u>

        Michael A. Bragg, VSB 16797

        Bragg Law

        P.O. Box 1866

        Abingdon, Virginia 24212

        276.628.9160

        bragglaw@bvu.net

CERTIFICATE

I hereby certify that this 23rd day of November, 2016, I uploaded this Memorandum to the Clerk's ECF System to be served electronically upon counsel of record.

        <u>Michael A. Bragg /s/</u>